## MILLEN *vs.* HOWELL.

The third and fourth sections of the act of 1880 (acts 1880-81, p. 45, code, §874b,) apply only to unreturned wild lands; but when a lot of wild land had been returned by the agent of the owner, and the execution for taxes issued against such agent and the land was sold under the execution, the owner has only one year in which to redeem.

December 12, 1888.

Tax. Wild land. Redemption. Before Judge FAIN. Murray superior court. August term, 1888.

Reported in the decision.

E. W. COLEMAN, by brief, for plaintiffs.

R. J. McCAMY, for defendant.

SIMMONS, Justice.

M. B. Millen, for himself and as administrator *de bonis non* with the will annexed of Mary P. Harris, filed his bill against E. S. Howell. He alleged that, in his own right and as such administrator, he was the owner of a certain lot of wild land, describing it; that the sheriff of Murray county, in which county the land lay, sold the land, under a *fi. fa.* for State and county taxes for 1885 against M. A. Bell as agent for Harris & Millen, on April 6, 1886, to E. S Howell for sixty cents or some such sum; that the bid and costs with interest up to filing the bill amount to $5.50, and said bid and costs had been tendered Howell by complainant for the

purpose of redeeming the land, but the tender was refused. The complainant renews in his bill, filed within two years of the sale, the tender of $5.50. The lot is valuable for farming and mineral uses and worth hundreds or even thousands of dollars. He prays that the sale be set aside; that Howell be compelled to accept the tender, execute a deed of release, etc.

On the trial, plaintiff showed title in himself and as administrator, as alleged. Defendants admitted sale by the sheriff as alleged, and that defendant bought the land at said sale for sixty cents. Plaintiff proved the tender to defendant after one year and within two years from the sale, and that defendant refused to accept the tender. Plaintiff showed that the land was given in for taxes for 1885 as wild land, and it was admitted that it was so given in by M. A. Bell, agent as aforesaid.

Plaintiff closed, and defendant moved to dismiss the bill, because the tender was not made within one year after the sale, and because secs. 3 and 4 of the act of 1880 (acts of 1880–81, p. 45,) were unconstitutional as containing subject-matter not provided for in its caption. The motion was sustained on both grounds, and the bill dismissed. To this decision plaintiff excepted.

We think the court was right in dismissing this petition, under the facts as they appear in this record. It appears from the record that this land was returned by the agent of Millen for taxes, in the county of Murray. Whenever lands are returned for taxes by the owner or his agent, and the taxes are not paid, it is the duty of the tax-collector to issue his execution against the owner of the lands for the taxes, and to sell the same. When they are thus returned, and are sold for the non-payment of taxes, the owner, under the code, §898, has one year in which to redeem them. If wild lands are unreturned, they are to be double-taxed, as other property unre-

turned, and if the taxes are not paid, execution is to be issued against the lands by the tax-collector, and they are to be sold, and the owner of the lands then has two years in which to redeem them; and this is the difference where wild land is returned by the owner and where it is not returned by the owner. The third and fourth sections of the act of 1880 apply only to unreturned wild lands. Acts 1880–1, p. 45; code, §874 (b).

In this case, the record discloses that while this was a lot of wild land, it was returned by the agent of the owner, and the execution for taxes was issued against the agent of the owner, and the land sold under that execution. The land having been returned for taxes and sold for the non-payment thereof, the owner had only one year in which to redeem, and when he failed to offer to redeem within the year, the court was right in dismissing his petition.

Judgment affirmed.